USCA1 Opinion

 

 September 21, 1994 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1522 DANIEL COLON, JR., Plaintiff, Appellant, v. APEX MARINE CORPORATION C/O WESTCHESTER SHIPPING COMPANY, INC., and WESTCHESTER MARINE, INC. and WESTCHESTER MARINE SHIPPING COMPANY, INC. and VERTIGO, INC., d/b/a TILLIES KING SHIPPING COMPANY, Defendant, Appellees. ____________________ ERRATA SHEET The opinion of this Court issued on September 15, 1994, is amended as follows: On cover sheet, replace "[Hon. Jacob Hagopian, U.S. Magistrate ________________ Judge]" with "[Hon. Ronald R. Lagueux, U.S. District Judge]". _____ ___________________ UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 94-1522 DANIEL COLON, JR., Plaintiff, Appellant, v. APEX MARINE CORPORATION C/O WESTCHESTER SHIPPING COMPANY, INC., and WESTCHESTER MARINE, INC. and WESTCHESTER MARINE SHIPPING COMPANY, INC. and VERTIGO, INC., d/b/a TILLIES KING SHIPPING COMPANY, Defendant, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Jacob Lagueux, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Young,* District Judge. ______________ ____________________ Carroll E. Ayers for appellant. ________________ Gordon Arnott with whom Gregory O'Neill, Hill, Betts & Nash, ______________ _______________ ____________________ Charles N. Redihan, Jr., Thomas C. Plunkett and Kiernan, Plunkett & ________________________ ___________________ ____________________ Redihan were on brief for appellees Apex Marine Corporation and _______ Westchester Marine Shipping Company, Inc. ____________________ September 21, 1994 ____________________ ____________________ *Of the District of Massachusetts, sitting by designation. Per Curiam. This case presents an interesting issue ___________ concerning the reach of the "scope of employment" requirement under the Jones Act, 46 U.S.C. 688, as applied to a unique set of facts. In explaining its decision to grant the defense motion for summary judgment, Colon v. Apex Marine _____ ___________ Corp., 832 F. Supp. 508 (D.R.I. 1993), the district court ____ issued a decision thoroughly analyzing the precedents and the pertinent facts. Although the legal question presented is open to reasonable debate, we agree with the district court's resolution and do not think that we can improve upon the reasoning set forth in its decision. Accordingly, on the central issue we affirm on the grounds set forth in the decision of the district court. The only remaining issue is the claim that the district court abused its discretion in refusing to allow an amendment to the complaint to assert a new cause of action based on unseaworthiness. This case relates to an incident that occurred in December 1987; the defense motion for summary judgment was filed in November 1992; and the motion to amend the complaint was filed only after the district court in _____ September 1993 granted the motion for summary judgment. The motion gave no adequate reason to excuse this substantial delay in moving to amend. Under the circumstances, we do not think that the district court abused its discretion in denying the motion as untimely. -2- -2- Affirmed. ________ -3- -3-